UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

**Case No. 23-cv-1388**

AH ZEPHYRHILLS SUBTENANT LLC,
a Delaware limited liability company,

      Plaintiff,

v.

GAVIN VASQUEZ,
DANIELLIE VASQUEZ,
JOHN O. VASQUEZ, JR.,
THE BAIT BUS INC, a Florida corporation,
MARK LANDRY,
JAMES "JIMMY" SCHWER,

      Defendants.

---

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**COMES NOW** Plaintiff, AH Zephyrhills Subtenant LLC, by and through its attorney, Griffin Klema, Esq., files this, its complaint for damages and injunctive relief against defendants for the ongoing fraudulent transfer of assets, and alleges:

### JURISDICTION & VENUE

1.     This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs or attorney's fees.

2.     Plaintiff, AH Zephyrhills Subtenant LLC ("American House") is a Delaware limited liability company with its principal place of business in the State of Ohio, with its related parent entities also incorporated in Delaware with their principle place of business in the State of Ohio. American House's affiliates are likewise incorporated in Delaware with their principle place of business in the State of Michigan.

3.      Defendant GAVIN VASQUEZ ("Gavin") is the President of Appliance Tech Solutions, is a resident of Hillsborough County, Florida, is subject to the jurisdiction of the Hillsborough County Circuit Court in a pending criminal matter (case no. 22-CF-013324) and is otherwise *sui juris*.

4.      Defendant DANIELLIE VASQUEZ ("Daniellie") is the Treasurer of Appliance Tech Solutions, is a resident of Hillsborough County, Florida, and is otherwise *sui juris*.

5.      Defendant THE BAIT BUS INC, is a Florida corporation doing business in Hillsborough County, and is otherwise *sui juris*.

6.      Upon information and belief, defendant Gavin Vasquez co-owns Appliance Tech Solutions Inc., with defendant Daniellie Vasquez. Daniellie Vasquez is the President of and, on information and belief, owns defendant The Bait Bus Inc.

7.      Defendant MARK LANDRY ("Landry") is a resident of Pasco County, Florida, and is otherwise *sui juris*.

8.      Upon information and belief, defendant JOHN O. VASQUEZ, JR., ("John") is a resident of Hillsborough County, Florida, and is otherwise *sui juris*.

9.      Upon information and belief, defendant JAMES "JIMMY" SCHWER, is a resident of Hillsborough County, Florida, and is otherwise *sui juris*.

10.     This Court has subject matter jurisdiction under diversity of the parties and the amount in controversy exceeding $75,000, pursuant to 28 U.S.C. § 1332(a)(1).

11.     This Court has personal jurisdiction over the defendants because they reside in this District, and they maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

12.     Venue is proper under 28 U.S.C. § 1391(b) in the Middle District of Florida because all of the defendants reside or conduct business in the District, and the conduct giving rise to this lawsuit also occurred there.

## ALLEGATIONS COMMON TO ALL COUNTS

### American House Hires Landry and Gavin

13.     American House hired defendant Mark Landry as its maintenance director. Landry worked full time for American House, and American House paid him a salary. During Landry's time in the employ of American House, he encouraged plaintiff to hire Gavin to perform certain heating ventilation and air conditioning (HVAC) services for properties managed by American House (the "Buildings").

14.     In about July 2021, American House first hired Gavin Vasquez through his company, Appliance Tech Solutions, to perform certain heating ventilation and air conditioning (HVAC) services for properties managed by American House (the "Buildings"). Landry would identify certain HVAC systems requiring repair, and encouraged and otherwise advocated for payments to Gavin for that work.

### Gavin and Landry Defraud American House

15.     Sometime in early 2022, Gavin, Landry, and Daniellie endeavored to obtain money from American House with the intent to deprive American House of the use, benefit, or possession of its cash, and convert it to their own benefit.

16.     In March 2022, American House determined that it needed to install 138 HVAC thermostats in the Buildings, and Gavin and Landry convinced American House that it needed certain expensive thermostats manufactured by Daikin for every one of the HVAC units.

17.     Gavin misrepresented to American House personnel that he would procure and

install the thermostats, but at the time he made those statements knew he would not do so, but instead seek to obtain a significant sum of money from American House and use that money for his own personal benefit and for the benefit of Daniellie and Landry, among others.

18.    American House, unaware of Gavin's intent and false statements and in reliance on Vasquez's fraudulent or negligent misrepresentation to American House' personnel, paid him, through Appliance Tech Solutions, $82,500 via check on May 18, 2022.[1] A true and correct copy of plaintiff's payment to Gavin, through Appliance Tech Solutions, is attached hereto as Exhibit 1. Gavin deposited that check into a Regions Bank account.

19.    Between June 6 and June 22, 2022, while Landry was still employed full time by American House, Gavin provided $8,970.84 to Landry from the Regions account.

20.    About one month later, on June 28, 2022, Gavin represented to American House personnel that he would start installing the "thermostats tomorrow." He further represented that he was "trying to have thermostats done before the end of July." Gavin's statements were false when he made them, and he knew of their falsity when he made them to American House.

21.    Between May 26, 2022, and June 22, 2022, Gavin used the funds from American House for personal expenses, including "Family Boating" in the amount of $2,494, "Bass Pro" for $805.11, and thousands of dollars for various non-business, personal matters. Gavin also withdrew thousands of dollars in cash. On information and belief, Daniellie participated in the cash withdrawals and other personal expenses.

22.    Between June 3, 2022 and July 8, 2022, Gavin provided $6,994 in cash to defendant John from the Regions account.

23.    Between June 7, 2022 and July 8, 2022, Gavin provided $1,200 in cash to defendant

---

[1] At 138 units, the per-unit cost for each thermostat, including parts and labor equates to $597.83

Schwer from the Regions account.

24.     Without knowing of Gavin's use of its funds, American House sought to commit Gavin to deadlines for installing the thermostats. Gavin agreed to "Thermostats    shipment expectations, Aug 12th delivery of total package,  installation complete September 30th" to which Gavin replied "That looks great" in his reply email dated June 28, 2022. Gavin's statement was a mere placation and he knew at the time he made that statement that he had no intention of meeting those deadlines.

25.     By July 21, 2022, Gavin had dissipated American House's funds by using them for his own personal benefit and providing cash to his family and friends. By that time, Gavin and his company, Appliance Tech Solutions no longer had funds to purchase the thermostats for American House.

26.     On August 12, 2022, Gavin failed to respond to American House inquiry about "how are the thermostats going?"

27.     On August 15, 2022, Gavin failed to respond to American House inquiries seeking information on "the list odd (sic) replaced thermostats?"

28.     On September 6, 2022, Gavin failed to respond to American House inquiries seeking an update on "the thermostats? Where are we at. It's been about two weeks and have not heard a word."

29.     On September 21, 2022, Gavin made a false statement to American House personnel that he had "10 thermostats arriving 9/30/22, we will be installing these 10/4/22, I have reached out to the distributor for an email including the exact dates for the next 2 deliveries for 56 thermostats."

30.     On September 23, 2022, Gavin made a false statement to American House

personnel that he spoke with "the distributor" who Gavin asserted was "out of town".

31.     On September 30, 2022, Landry resigned his position with American House. On information and belief, Landry conspired with Daniellie to use the funds they obtained from American House to start a new business, defendant The Bait Bus, which Daniellie formed on October 17, 2022.

32.     On October 6, 2022, Gavin made a false statement to American House personnel that he hasn't "forgot about you I am still out working and I'm going to be a little while as soon as I get back to the house I'll jump on the computer and shoot you A email it will be today sorry again just busy".

33.     Gavin made the above statements knowing they were false and with the intent to deceive American House. Gavin made other statements orally to American House during that time with the same deceptive intent.

34.     Ultimately, Gavin procured and provided 13 thermostats to American House, but failed to install them. To ensure timely completion of the work, plaintiff American House undertook steps to install those 13 thermostats itself.

35.     The Regions Bank records, obtained from a criminal investigation of Gavin Vasquez, show that Gavin did not use American House's funds to purchase the thermostats. Instead, Gavin Vasquez, Daniellie Vasquez, and Mark Landry used plaintiff's funds for personal expenses, to start The Bait Bus, and for other illegitimate purposes with the intent to defraud plaintiff.

36.     As a result of Gavin' intentional failure to either produce the thermostats, install them, or return monies paid by American House, plaintiff was forced to mitigate its damages and procured the thermostats from another vendor.

37.     During the course of procuring the thermostats from the other vendor, it became apparent that Gavin's statements to American House about the backordered status of the units was false, and were made knowingly to American House by Gavin with fraudulent intent. Gavin never had any intention of purchasing the thermostats, installing them, or returning the monies paid by American House for their purchase and installation.

38.     The open market cost of Daikin One+ thermostats is $300, equating to a value of $3,900 which Gavin provided pursuant to the agreement. However, Gavin and his company failed to provide the remaining contractual balance of $78,600 in parts and labor to American House, and defrauded American House in that amount.

**Gavin and Daniellie Defrauds Others**

39.     Gavin's and Daniellie's conduct is not isolated or limited to American House. On information and belief, Gavin Vasquez similarly cultivated the trust of another institutional client, Cove Behavioral Health, Inc., in performing HVAC services through Appliance Tech Solutions. On information and belief, Daniellie, as Treasurer of Appliance Tech Solutions, also worked with Gavin to perpetuate his fraud. Ultimately, the Vasquezs appears to have defrauded Cove Behavior of approximately $250,000.

40.     On December 13, 2022, the state of Florida filed felony grand theft charges against Gavin for his fraud against Cove Behavioral, case no. 22-CF-013324, filed in Hillsborough County Circuit Criminal Court. On information and belief, Gavin committed the same fraud against Cove Behavioral as he did against American House, seeking large sums of money from a business without any intent to provide the corresponding goods or services, and using the funds he received for his own personal benefit.

41.     On information and belief, Gavin previously defrauded his uncle, Ralph Feldkamp

and his business, Ralph's Appliance, by obtaining a "dually" pickup truck which Gavin then secreted from Feldkamp to prevent its replevy and repossession. Mr. Feldkamp brought suit against Gavin Vasquez and his brother Johnny O. Vasquez, Jr., in a civil action, no. 11-CC-015382.

42.     On information and belief, Gavin Vasquez filed for bankruptcy to avoid repayment to Mr. Feldkamp, and employed the services of a further acquaintance to remove the engine from the truck before reportedly returning it to Mr. Feldkamp.

43.     Gavin and, on information and belief, his wife Daniellie, have exhibited a pattern of intentional misconduct, including fraud, fraudulent transfer, and secreting property to defraud businesses and judgment creditors.

**Applied Tech Solutions is the alter ego of Gavin and Daniellie Vasquez**

44.     On information and belief, Gavin and Daniellie run Appliance Tech Solutions as mere front and alter-ego to advance their criminal fraud enterprise because they operate and otherwise treat ATS as an alter ego and/or mere instrumentality in committing the conversion and fraud described herein. Thus, plaintiff is entitled to pierce the corporate veil of ATS to reach the assets of Vasquez and his wife, Daniellie Vasquez.

45.     For all purposes, Gavin, Daniellie, and Applied Tech Solutions are single economic entities. Gavin, together with his wife Daniellie, are the purported owners and control ATS. Gavin dominated and controlled ATS to such an extent that ATS's ostensible independent existence is in reality nonexistent.

46.     On information and belief, Gavin disregarded the corporate formalities of Applied Tech Solutions.

47.     Gavin improperly and deliberately used Applied Tech Solutions as a mere sham to advance his criminal enterprise and defraud ATS's "customers."

**Vasquez Buys Personal Property, Makes Gifts to the Co-Defendants, and Secrets Vehicles and Vessels Purchased with the Plaintiff's Funds**

48.     On information and belief, Gavin used the ill-gotten funds which he defrauded from plaintiff to purchase personal property and other assets. Gavin intentionally utilized plaintiff's funds to purchase such chattels for his own personal benefit, for the benefit of Daniellie, and for the benefit of his associates, including Landry, John, and Schwer, rather than purchase the thermostats which he represented to plaintiff would be bought with those funds.

49.     On information and belief, Gavin also transferred plaintiff's funds in cash to certain friends, family, and acquaintances for the purpose of defrauding American House.

50.     Gavin has a long history of purchasing personal property for himself and secreting that property with acquaintances, friends, and other family members to avoid repayment of the debts he owes and otherwise provide restitution to the victims of his fraud.

51.     On information and belief, a number of associates of Gavin may be in possession of property, property either titled in Gavin's name, titled in one of his associates' names as a straw man, or the associates themselves have received cash or other property as purported "gifts" when in fact that cash was the property of plaintiff, or the goods were purchased with the funds Gavin obtained from plaintiff American House.

52.     On information and belief, Gavin's associates, including Landry, John, and Schwer, failed to pay or provide fair value for the cash or property received at a time when Gavin and his business was engaged in or was about to engage in a transaction with plaintiff for which he and his business had insufficient assets in relation to that transaction.

53.     On information and belief, defendant Gavin Vasquez, Daniellie Vasquez, and Mark Landry created defendant The Bait Bus Inc with plaintiff's funds, and purchased a number of

vehicles and other assets which they then titled in that entity's name in an effort to defraud plaintiff.

54.     Consequently, there is an urgent need for a writ of prejudgment attachment against Gavin's associates and *in rem* against vehicles and vessels titled in the name of Gavin Vasquez, Daniellie Vasquez, John Vasquez, Mark Landry, Jimmy Schwer, The Bait Bus Inc., and possibly others to prevent further wasting of assets acquired with plaintiff's funds.

55.     Gavin's, Landry's, and, on information and belief, Daniellie's conduct constitutes gross negligence and intentional misconduct for which American House is entitled to seek punitive damages.

56.     Plaintiff American House has engaged the services of an attorney to prosecute this action and has become obligated to pay a reasonable fee.

## COUNT 1 – CONVERSION
(against Gavin Vasquez, Daniellie Vasquez, and Mark Landry)

Plaintiff realleges the allegations contained in paragraphs 1 through 56 and incorporates same herein by reference.

57.     The conduct of defendants Gavin Vasquez, Mark Landry and, on information and belief, Daniellie Vasquez, as described above, constitute acts of dominion and control wrongfully asserted over plaintiff's property.

58.     The conduct of defendants Gavin Vasquez, Mark Landry and, on information and belief, Daniellie Vasquez constitute the conversion of the assets of plaintiff's property by virtue of their dominion and control over plaintiff's funds for their and their family's benefit and gain, including, on information and belief, John O. Vasquez Jr. and Jimmy Schwer, all to plaintiff's detriment.

59.     By reason of the foregoing, as a foreseeable and proximate result of defendant's

wrongful conduct, plaintiff has suffered injuries in an amount of $78,600.

**WHEREFORE,** Plaintiff American House demands judgment against Defendants Gavin Vasquez, Daniellie Vasquez, and Mark Landry for damages in the amount of $78,600 from their conversion of plaintiff's money, disgorgement of any profits earned from the use of plaintiff's property, punitive damages, plus exemplary and punitive damages, interest, costs, and for such further relief the Court deems just and proper.

## COUNT 2 – FRAUD
(against Gavin Vasquez)

Plaintiff realleges the allegations contained in paragraphs 1 through 56 and incorporates same herein by reference.

60.     Gavin made false statements concerning material facts to American House. The false statements made by Gavin are specifically described in paragraphs 17, 20, 24, 29-30, and 32, above. Gavin made further statements orally to American House personnel similar to his written false statements.

61.     Gavin knew the statements he made to American House were false at the time that he made them.

62.     Gavin further knew that American House would rely on his false statements, and Gavin made the false statements with the intention to induce American House to delay demanding a return of unearned monies, and delay bringing suit to recover the funds that he knew he would never return to American House.

63.     American House relied on Gavin's initial statements such that American House paid $82,500 to Gavin via Appliance Tech Solutions. American House relied also on Gavin's subsequent statements that the thermostats were on backorder so that American House would not

investigate him, Applied Tech Solutions, or otherwise seek to intervene in his efforts to dispossess himself of the fund paid by American House until after he had done so.

64.     As a direct and proximate result of Gavin's fraudulent representations, American House has suffered damages.

**WHEREFORE,** Plaintiff American House hereby demands judgment against defendant Gavin Vasquez for damages in the amount of $78,600 sustained from his fraud, plus exemplary and punitive damages, interest, costs, and for such further relief the Court deems just and proper.

## COUNT 3 – AIDING AND ABETTING A TORT
(against Daniellie Vasquez, Mark Landry, John O. Vasquez Jr., The Bait Bus Inc, and Schwer)

Plaintiff realleges the allegations contained in paragraphs 1 through 64 and incorporates same herein by reference.

65.     Gavin Vasquez was primarily responsible for defrauding plaintiff of its cash.

66.     On information and belief, defendants Daniellie Vasquez, Mark Landry, John O. Vasquez Jr., Jimmy Schwer, and persons working for and/or owning The Bait Bus Inc each knew of Gavin's fraud given their close contact with him and their receipt of gifts and other property from him. Daniellie, as Treasurer of Appliance Tech Solutions and Gavin's spouse had actual or constructive knowledge of his fraud.

67.     On information and belief, Daniellie Vasquez, Mark Landry, John O. Vasquez Jr., Jimmy Schwer, and persons working for and/or owning The Bait Bus Inc rendered substantial assistance to and encouraged Gavin Vasquez to defraud plaintiff.

68.     Gavin, Daniellie, and Landry were primarily responsible for the conversion of plaintiff's cash to their own.

69.     On information and belief, defendants John O. Vasquez Jr., Jimmy Schwer, and

persons working for and/or owning The Bait Bus Inc each knew of Gavin's, Mark's, and Daniellie's conversion given their close contact with each of them and their receipt of gifts and other property from them.

70.     John O. Vasquez Jr., Jimmy Schwer, and persons working for and/or owning The Bait Bus Inc rendered substantial assistance to and encouraged Gavin, Daniellie, and Landry to convert plaintiff's funds, obtained through Appliance Tech Solutions, to his own benefit and in turn to their benefit.

**WHEREFORE**, Plaintiff American House respectfully requests the Court enter a judgment against all defendants The Bait Bus Inc., Mark Landry, Daniellie Vasquez, John O. Vasquez Jr., and Jimmy Schwer, jointly and severally, for damages in the amount of $78,600, plus interest, and for such further relief the Court deems equitable and just.

### COUNT 4 – CIVIL CONSPIRACY
(against Daniellie Vasquez, Mark Landry, John O. Vasquez Jr., The Bait Bus Inc, and Schwer)

Plaintiff realleges the allegations contained in paragraphs 1 through 64 and incorporates same herein by reference.

71.     On information and belief, Daniellie Vasquez, Mark Landry, John O. Vasquez Jr., The Bait Bus Inc., and Jimmy Schwer each combined with an acted in concert with Gavin Vasquez and/or Appliance Tech Solutions Inc., for the purpose of injuring plaintiff American House.

72.     Because of the combination and conspiracy, Daniellie Vasquez, Mark Landry, John O. Vasquez Jr., The Bait Bus Inc., and Jimmy Schwer, are jointly and severally liable to American House for the harm caused by Gavin Vasquez.

**WHEREFORE**, Plaintiff American House respectfully requests the Court enter a judgment against defendants Daniellie Vasquez, Mark Landry, John O. Vasquez Jr., The Bait Bus

Inc., and Jimmy Schwer for damages in the amount of $78,600, plus interest, and for such further relief the Court deems equitable and just.

## COUNT 5 – FRAUDULENT TRANSFER
### § 726, Fla. Stat.
(against Daniellie Vasquez, Mark Landry, John Vasquez Jr., The Bait Bus Inc, and Schwer)

Plaintiff realleges the allegations contained in paragraphs 1 through 72 and incorporates same herein by reference.

73.     Plaintiff has claims against Gavin Vasquez, Mark Landry, and Daniellie Vasquez—more particularly the claims set forth herein alleging conversion and fraud—and therefore plaintiff qualifies as a creditor under § 726.102(4).

74.     Defendants Gavin Vasquez, Mark Landry,  and Daniellie Vasquez are each a debtor under § 726.102(7).

75.     On information and belief, the Vasquezs and Landry used plaintiff's funds to purchase personal property, including motorcycle(s), truck(s), other vehicle(s), and boat(s), among other chattels for themselves and for others.

76.     On information and belief, Gavin transferred certain personal property bought with plaintiff's funds and cash to defendants Daniellie Vasquez, Mark Landry, John O. Vasquez Jr., The Bait Bus Inc, and Jimmy Schwer with the actual intent to hinder, delay, and defraud plaintiff.

77.     On information and belief, defendants Daniellie Vasquez, Mark Landry, John O. Vasquez Jr., The Bait Bus Inc, and Schwer each came into possession of property of Gavin Vasquez which he wrongfully obtained by purchasing said property with the funds of plaintiff American House.

78.     On information and belief, Gavin or Appliance Tech Solutions, in transferring the property, did not receive reasonably equivalent value in exchange for the transfer. In each instance,

instance, Gavin and/or Appliance Tech Solutions was insolvent at the time he made each transfer.

79.    On information and belief, in each instance, the net assets of Gavin and/or Appliance Tech Solutions was unreasonably small in relation to the transfers made. In each instance, at the time the transfer was made, Gavin and/or Appliance Tech Solutions knew or should have known that they were insolvent, and would not be able to satisfy their liabilities as they came due.

80.    Defendants Daniellie Vasquez, Mark Landry, John O. Vasquez Jr., The Bait Bus Inc, and Jimmy Schwer are the initial transferees that received the transfers, or alternatively, they are the party for whose benefit the initial transfers were made or are subsequent transferees.

81.    As a result of defendant Gavin Vasquez's wrongful acts, causing plaintiff American House to litigate with these third parties, plaintiff is entitled to its reasonable attorney fees as damages pursuant to the wrongful act doctrine.

**WHEREFORE**, Plaintiff American House respectfully requests the Court enter a writ of attachment pursuant to § 726.108(1)(b) against defendants Daniellie Vasquez, Mark Landry, John O. Vasquez Jr., The Bait Bus Inc, and Jimmy Schwer to satisfy the contingent claim of plaintiff, for a judgment against defendants Gavin Vasquez, Mark Landry, and Daniellie Vasquez jointly and severally for plaintiff's costs and attorney's fees as damages pursuant to the wrongful act doctrine, and for such further relief the Court deems equitable and just.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all issues so triable.

**Dated:** June 21, 2023.

  /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
**Klema Law, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
PO Box 172381
Tampa, FL 33672
(202) 713-5292
Griffin@KlemaLaw.com