# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA

Case No. 8:23-cv-1388-VMC-MRM

AH ZEPHYRHILLS SUBTENANT LLC,
a Delaware limited liability company,

    Plaintiff,

v.

GAVIN VASQUEZ,
DANIELLIE VASQUEZ,
JOHN O. VASQUEZ, JR.,
THE BAIT BUS INC, a Florida corporation,
MARK LANDRY,
JAMES "JIMMY" SCHWER,

    Defendants.

## UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO FILE CASE MANAGEMENT REPORT

    Plaintiff, AH Zephyrhills Subtenant LLC, by and through its attorney, Griffin Klema, Esq., pursuant to Fed. R. Civ. P. 6, moves the Court for an extension of time to file the Case Management Report.

    Plaintiff initiated this action by filing a complaint on June 21, 2023. [ECF 1]. To date, only one defendant has appeared (John O. Vasquez, Jr.), having filed a pro se response on July 19, 2023. [ECF 20]. All the defendants were served, and each of their responses were due July 17, 2023.

Page 1 of 4

Although pursuant to the Rules of Procedure the usual deadline for submitting a Case Management Report would normally be August 28, 2023, see Fed. R. Civ. P. 26(f)(1), and the court's deadline for entering a scheduling order normally September 18, 2023, see Fed. R. Civ. P. 16(b)(2), the Court entered orders accelerating the deadline for the parties' submission of the case management report. [ECF 5] (suspending Local Rule 3.02) and [ECF 18] (providing a deadline of July 31, 2023, to file completed Case Management Report).

A court may extend the time for completing an act "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Mis-calendaring an event due to oversight is routinely found to be excusable neglect. Excusable neglect is determined after considering the following four factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Ashmore v. Sec'y, Dept. of Transp., 503 Fed. App'x 683, 685-86 (11th Cir. 2013).

Factor 1: The danger of prejudice to defendants, as the nonmovants, is minimal, at best. First, they do not oppose the relief sought herein. Second, the defendants would actually benefit from extending the time before the parties could engage in discovery, assuming the case relitigated.

Factor 2: The length of delay is mere hours. The deadline was missed by less than 48 hours. The impact of approximately 1.5 days is minimal on the overall impact of this proceeding.

Factor 3: The reason for delay is simple oversight and not willful misconduct. Though within plaintiff's control, the undersigned mis-calendared the accelerated deadline for today, August 2, 2023, and in the process of preparing this motion discovered the error. (The undersigned believes the error may have been the result of Magistrate Judge McCoy's separate order, setting the date to renew plaintiff's motion for default, see [ECF 21].)

Factor 4: Plaintiff is acting in good faith by making this request for an extension of an accelerated deadline that would not ordinarily be due by this point in litigation. Indeed, the entire basis for the present motion is to apprise the Court that the parties (plaintiff, Gavin Vasquez, and John Vasquez) have been in communication and actively negotiating a possible settlement. In furtherance of that possibility, plaintiff is in the process of drafting a non-standard (custom) proposed settlement agreement which five of the defendants appear to be willing to accept based on the oral representations of Gavin Vasquez, and wherein plaintiff would voluntarily dismiss the sixth and bring an end to the present action. Plaintiff's counsel has required additional time to prepare that customized proposed settlement, and therefore plaintiff requests the present extension of time. For avoidance of doubt, no settlement has yet been reached, either in principle or conclusively.

**WHEREFORE**, plaintiff AH Zephyrhills Subtenant LLC respectively requests the Court grant this motion; extend the deadline for the parties' submission of a Case Management Report to and including August 28, 2023, the default deadline pursuant to Rule 26; and for such further relief as the Court deems just and proper.

## CERTIFICATE OF COUNSEL

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and those parties do not oppose the relief sought herein.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Plaintiff*