UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

Case No. 8:23-cv-1388-VMC-UAM

AH ZEPHYRHILLS SUBTENANT LLC,
a Delaware limited liability company,

      Plaintiff,

v.

GAVIN VASQUEZ,
DANIELLIE VASQUEZ,
JOHN O. VASQUEZ, JR.,
THE BAIT BUS INC, a Florida corporation,
MARK LANDRY,
JAMES "JIMMY" SCHWER,

      Defendants.

---

## Case Management Report

Plaintiff, AH Zephyrhills Subtenant LLC, by and through its attorney, Griffin Klema, Esq., and John O. Vasquez, Jr., pursuant to Fed. R. Civ. P. 26, the Court's order extending the time for conferring and filing, [ECF 24] (modifying [ECF 18]), file this, their case management report.

The parties appreciate the Court's expeditious approach to civil case disposition, and understands that the Court requires a modified case management report[1] be used and filed in non-fast track cases. The parties were unable to locate an

---

[1] As provided on the Court's website, https://www.flmd.uscourts.gov/judges/virginia-covington under Civil Case Management, with the following link:

editable (e.g. .DOCX) form for that document. To the extent not already available, the parties, in furtherance of the expeditious resolution of cases, recommend such an editable version be made available to litigants rather than .PDF format as currently appears available.

The parties that have appeared to date (plaintiff and the one above-identified defendant) have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** [14-30 days after CMR meeting] | **September 13, 2023** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [Each party who has not previously filed must file immediately] | **[completed]** |
| **Motions to Add Parties or to Amend Pleadings** [Approximately 1 - 2 months after CMR meeting] | **October 13, 2023** |
| **Disclosure of Expert Reports Plaintiff: Defendant:** [Approximately 1 - 2 months before discovery deadline to allow expert depositions] | **January 5, 2024** |
| **Discovery Deadline** [Approximately 6 - 8 months after defendant's first appearance] | **February 19, 2024** |

https://www.flmd.uscourts.gov/sites/flmd/files/judges/forms/covington-case-management-report_0.pdf

| Dispositive Motions, *Daubert*, and *Markman* Motions [Court requires 5 months or more before trial term begins] | **March 4, 2024** |
|---|---|
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [Court will set a date] | |
| **Joint Final Pretrial Statement** (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Witness Lists, Exhibit Lists with Objections on Approved Form – all to be emailed in a Word document to chambers at: chambers_flmd_covington@flmd.uscourts.gov.) [Court will set a date] | |
| **All Other Motions Including Motions In Limine** [Court requires 2 months before Trial term begins] | **May 6, 2024** |
| **Final Pretrial Conference** [Court will set a date] | |
| **Trial Term Begins** [Trial term must not be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first Monday of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | **August 5, 2024** |
| **Estimated Length of Trial** [Number of trial days] | **4** |
| **Jury / Non-Jury** | **Jury** |
| **Mediation Deadline**: Proposed Date of Mediation: Mediator Name: Patric Russell Address: 1395 Brickell Avenue, Suite 800, Miami, Florida 33131 Telephone: 305.371.5490 [Absent arbitration, mediation is mandatory; the Court recommends 7 days after the discovery deadline] | **February 26, 2024** |
| All Parties Consent to Proceed Before Magistrate Judge | **Yes**____ **No**____ **Likely to Agree in** |

| | Future __x__ |
|---|---|

## I. Preparation of the Case Management Report

Lead counsel may meet in person or by telephone to prepare the Case Management Report. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[2] a meeting was held in person or by telephone on August 14, 2023, and was attended by :

John O. Vasquez, Jr., *pro se*

Griffin C. Klema, Esq., counsel for plaintiff

Once the parties have met and a case management report has been filed, discovery in this case can commence.

## II. Pre-Discovery Initial Disclosures of Core Information

### Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged __x__ agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(A) - (D)

_____ on ____x____ by (check one) September 13, 2023 (date).

---

[2] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

### III. Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case;

_x__ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[3]

A. The form or forms in which ESI should be produced.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably

---

[3] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16

accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues. Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.

Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

\_\_x\_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

### IV. Agreed Discovery Plan for Plaintiffs and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement —

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____ Yes

\_\_\_x\_\_\_ No               John O. Vasquez, Jr. will file a certificate of interested persons within two weeks of this case management report.

**B. Discovery Not Filed** —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

**C. Limits on Discovery** —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the

deadlines in the above table, the parties have agreed to further limit discovery as follows:

> The parties have not agreed to limit discovery.

>> 1. Depositions

>> 2. Interrogatories

>> 3. Document Requests

>> 4. Requests to Admit

>> 5. Supplementation of Discovery

### D. Discovery Deadline —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: [none]

### E. Disclosure of Expert Testimony —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or

part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

[none]

## F. Confidentiality Agreements —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a

showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

[no agreement]

### G. Other Matters Regarding Discovery —

[none]

### V. Settlement and Alternative Dispute Resolution.

### A. Settlement —

The parties agree that settlement is __x__ likely _____ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes _x__ no likely to request in future _____

### B. Arbitration —

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

yes _____ no ___x__ likely to agree in future _____

_____ Binding _____Non-Binding

### C. Mediation —

Page 11 of 12

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

### D. Other Alternative Dispute Resolution —

The parties intend to pursue the following other methods of alternative dispute resolution: none.

Date: August 14, 2023.

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

John O. Vasquez, Jr.
*pro se*
*Defendant*

   /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Plaintiff*