**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**

Case No. 8:23-cv-1388-VMC-UAM

AH ZEPHYRHILLS SUBTENANT LLC,
a Delaware limited liability company,

    Plaintiff,

v.

GAVIN VASQUEZ,
DANIELLIE VASQUEZ,
JOHN O. VASQUEZ, JR.,
THE BAIT BUS INC, a Florida corporation,
MARK LANDRY,
JAMES "JIMMY" SCHWER,

    Defendants.

---

### PLAINTIFF AH ZEPHYRHILLS SUBTENNANT LLC'S RENEWED MOTION FOR CLERK'S DEFAULT UNDER RULE 55(a) AND OBJECTION TO PRIOR ORDER DOC. NO. 21

Plaintiff, AH Zephyrhills Subtenant LLC, by and through its attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 55(a) and (b)(1), and Local Rule 1.10, moves again for entry of a Clerk's default against all defendants: Gavin Vasquez, Daniellie Vasquez, The Bait Bus Inc, Mark Landry, and James Schwer. American House further objects to the Court's prior order, Doc. No. 21, as being contrary to law.

### MOTION FOR CLERK'S DEFAULT

On June 24, 2023, defendants Gavin Vasquez, Daniellie Vasquez, The Bait Bus

Inc, and James Schwer were served with the summons and complaint. Doc. Nos. 11, and 13-15. Gavin, Daniellie, and Schwer were personally served, while The Bait Bus Inc was served through Daniellie, as its registered agent. Id. On June 26, 2023, defendant Mark Landry was personally served with the summons and complaint. Doc. Nos. 16.

The deadline for each defendant's response to the complaint was July 17, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). As of the date of this motion, none of the above five defendants has appeared or responded to the complaint, nor have any appeared. When a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, a Clerk's default must be entered.

**WHEREFORE**, plaintiff AH Zephyrhills Subtenant LLC, respectfully requests the Clerk of Court enter a default against the five non-appearing defendants, Gavin Vasquez, Daniellie Vasquez, John O. Vasquez, Jr., The Bait Bus Inc, Mark Landry, and James Schwer pursuant to Fed. R. Civ. P. 55(a).

### OBJECTION TO PRIOR ORDER
### PREVENTING THE ENTRY OF DEFAULTS

Separately, American House objects to Magistrate Judge McCoy's prior order, Doc. No. 21, preventing the entry of a default for being contrary to the federal rules of civil procedure and thus constituting error as a matter of law.

While the Court's desire to oversee and manage its docket is understandable, Rule 55(a) is mandatory, requiring the *clerk* to enter the default—irrespective of

whether a court, upon its independent review, believes a default should or should not be entered. The plain language and logic dictate that result.

A clerk of court is rulebound to enter a default so long as a defendant "has failed to plead or otherwise defend" and the plaintiff-movant has shown that fact "by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Here, American House met that standard, as evidenced by the returns of service. Doc. Nos. 11, and 13-16. Magistrate Judge McCoy's order did not question the validity of those returns, but instead injected an atextual "judicial economy" and "reasonable period of time" for the defendants to respond, even though none had appeared or requested that relief. Doc. No. 21. Rule 55(a) does not contemplate such equitable considerations by a court or clerk. Magistrate Judge McCoy did, however, correctly recognize the defaults of the non-appearing defendants when he observed that American House could renew its motion at a later time for "any Defendant who **remains** in default." Doc. No. 21 (emphasis supplied). Nevertheless, the order embodies error as being contrary to American House's rights under Rule 55, and the clerk's non-discretionary obligations.

The plain language of Rule 55(a) reveals the clerk has sole authority to enter a default upon application by a plaintiff, and a court (judge) is not at liberty to alter that plain meaning. Burns v. Lawther, 53 F.3d 1237, 1240 (11th Cir. 1995) ("The Federal Rules of Civil Procedure, like any statutory scheme, should be given their plain meaning."). The plain meaning of "must enter the party's default" is clear and unequivocal. Fed. R. Civ. P. 55(a). So too is the identity of the judicial officer that is

obligated to perform the act: "the clerk." Id. Consequently, a magistrate (or presiding) judge does not have "discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions." Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988) (overruling the court's "supervisory power" over a proceeding as conflicting with Fed. R. Crim. P. 52(a)); see also Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576 (2008) (analyzing the word "must"); Behounek v. Grisham, No. 1:20-cv-00405, 2020 WL 5757798 at *3 (D.N.M. Sept. 28, 2020) (entry of default is not discretionary), report and recommendation adopted, 2020 WL 6117810 (D.N.M. Oct. 16, 2020).

Besides investing exclusive authority in the clerk to enter a default, Rule 55 also makes clear that a court's process of reviewing a clerk's default occurs *after* entry of the default: "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While a district court judge might have authority *post*-default to examine the propriety of the clerk's action, Fed. R. Civ. P. 55(c), it may not interfere with the process *ex ante*, before entry of the default because that would contravene the plain language of the rule. Further, the express allocation of court review post-default in 55(c) implies the exclusion of that power pre-default under 55(a). Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993) (applying the canon of construction *expressio unius est exclusio alterius* to Rule 9).

The rules elsewhere similarly divide responsibilities of clerk and judge, as in applications for costs under Rule 55's immediately preceding Rule 54 (and both of which are within that portion of the rules devoted to judgments). Like Rule 55, costs

applications under Rule 54 are first entered by the clerk, and subsequently examined by the court. See Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action"). The Third Circuit has recognized this dichotomy of roles, noting the clerk's power under Rule 54 is "quasi-judicial." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 453, 461 (3d Cir. 2000) (noting a court may subsequently conduct a *de novo* review on the clerk's entry of a costs judgment, as allowed by the language of the rule itself). Similar to Rule 54, Rule 55 itself makes clear the allocation of duties as between a clerk and a judge and it likewise expressly provides for reviewing the clerk's conduct after the clerk acts. Compare Fed. R. Civ. P. 55(a) (no role for court in entering a default) with and 55(b) (allocating responsibility for entering a final judgment between the clerk and the court depending on whether damages are liquidated) and Fed. R. Civ. P. 55(c) (court may review a default entered under 55(a) or default judgment entered by the clerk under 55(b)(1)).

When Rule 55's explicit prescriptions for entry of defaults—together with court review thereafter—is properly understood, the respective procedural roles for both clerk and judge are clear, and the latter's role occurs only *after* the clerk's quasi-judicial, non-discretionary role of entering a default. Fed. R. Civ. P. 55. Consequently, this Court is not at liberty to alter the rule's mandate by order (as here) or unwritten policy (elsewhere in this District).

The Eleventh Circuit has made clear that a court may not develop local rules or procedures that directly conflict with the Federal Rules of Civil Procedure. See Reese v. Herbert, 527 F.3d 1253 (11th Cir. 2008) (a local rule is "void" if it "conflict[s] with"

the Federal Rules of Civil Procedure); Brown v. Crawford Cnty. Ga., 960 F.2d 1002, 1009 (11th Cir. 1992) (finding that non-rule based "procedures" used by the district court were invalid as contrary to the "parties' procedural and substantive rights under Rule 56" and "direct[ing] that it cease forthwith"). So even if courts in the Middle District of Florida may have adopted an unwritten "policy" "to review [Rule 55] motions and then, only if appropriate, direct the entry of judgment," Estes Express Lines v. Coverlex, Inc., No. 19-cv-467, 2019 WL 13183880 at *1 (M.D. Fla. Apr. 19, 2019),[1] that policy-based practice expressly contravenes the plain language of Rule 55 and usurps the authority vested solely in the clerk to enter a default. Fed. R. Civ. P. 55(a); cf. Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir.1963) (there is "no role" for the court to play under Rule 41(a)(1) which expressly indicates a party may submit a voluntary dismissal).

Accordingly, the prior order denying American House's motion for clerk's default constituted legal error and should be vacated, and this District's unwritten

---

[1] The line of cases starting with A.A. Metals, Inc. v. Sols. In Stainless, Inc., No. 6:13-CV-330, 2013 WL 12207503, at *1 (M.D. Fla. May 6, 2013) (Baker, Mag. J.), are legally incorrect as premised on a "policy" that is not grounded in the rules of procedure or law. Besides being directly contrary to the plain language of Rule 55, that policy is also contrary to Rule 1, to the extent there is any ambiguity in the rule (which there is not). The 2-page report and recommendation in A.A. Metals cites no authority for the stated proposition and the order adopting the R&R provided no analysis. Subsequent courts in the Middle District of Florida ultimately citing back to this unreported decision offer no further reasoning. These cases are a classic example of a "long line of bootstrapping from nothing to something" which constitutes legal error. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 532 n.18 (1994) (overruling Second Circuit law contrary to the plain meaning of 17 U.S.C. § 505) (quoting Cohen v. Virginia Elec. & Power Co., 617 F. Supp. 619, 621-22 (E.D. Va. 1985)).

policy reexamined and ceased. Failure by the Clerk of Court of the Middle District of Florida to enter the defaults sought by American House would be error remediable by petition for writ of mandamus to compel action by the Clerk and writ of prohibition to restrain the Court's "policy".

  /s/ Griffin Klema  
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY I hereby certify that a true and correct copy of the foregoing was served by email, pursuant to Fed. R. Civ. P. 5(b)(2) on August 23, 2023, on all counsel or parties of record on the Service List below.

  /s/ Griffin Klema  
Griffin C. Klema, Esq.

### Service List

John O. Vasquez, Jr.
JOHNOVASQUEZ@YAHOO.COM
*pro se*
*Defendant*